UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21961-CIV-ALTONAGA/Torres

ALAN DERSHOWITZ,

      Plaintiff,

v.

NETFLIX, INC., LEROY & MORTON
PRODUCTIONS LLC, RADICALMEDIA LLC,
LISA BRYANT and JOSEPH BERLINGER,

      Defendants.

_____/

## AMENDED[1] ANSWER AND COUNTERCLAIM OF DEFENDANT NETFLIX, INC.

      Defendant Netflix, Inc. ("Netflix"), by and through its undersigned counsel, hereby files its Answer and Affirmative Defenses to Plaintiff Alan Dershowitz's ("Dershowitz") Amended Complaint (the "Amended Complaint") using the same headings and paragraph numbering employed by Dershowitz and asserts its own Counterclaim against Dershowitz.

## ANSWER OF DEFENDANT NETFLIX, INC.

## RESPONSE TO THE NATURE OF THIS ACTION

      1.      Netflix admits that this purports to be an action for defamation, breach of contract, promissory estoppel, and fraudulent inducement arising out of the documentary series *Filthy Rich*, which first became available on Netflix on May 27, 2020 but denies that Dershowitz is entitled to any relief in this action.

      2.      Netflix denies each and every allegation in Paragraph 2 of the Amended Complaint.

---

[1] Amended only to correct a scrivener's error in Paragraph 2 of the Counterclaim.

## RESPONSE TO THE PARTIES

3.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 3 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 3 and demands strict proof of Plaintiff's citizenship.

4.     Netflix admits that it is an American technology and media company incorporated in Delaware and headquartered in California.  Netflix further admits that it offers a subscription-based streaming service, referred to as "Netflix," that allows members to watch television shows and movies without commercials on an internet-connected device.  Netflix further admits that it is registered to do business in Florida.  Netflix further admits that as of February 2021, it had over 200 million subscribers worldwide.  Netflix further admits that its service is offered in 190 countries and is not available in China, Syria, North Korea, or Crimea.  Netflix further admits that it partners with companies to produce exclusive content for its service.

5.     Netflix admits that Leroy & Morton Productions LLC is a media and communications Delaware limited liability company.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 5 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 5.

6.     Netflix admits that RadicalMedia LLC is a media and communications Delaware limited liability company.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 6 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 6.

7.     Netflix admits that Lisa Bryant is a show director, showrunner, and producer working as an independent contractor for Radical Media and was an executive producer of the

four-part documentary series, *Filthy Rich*, which streamed on Netflix.  Netflix lacks information sufficient to form a belief as to the truth or falsity of Bryant's residence and, on that basis, denies each and every allegation concerning her residence.  Except as so admitted and denied, Netflix denies each and every remaining allegation in Paragraph 7.

8.      Netflix admits that Berlinger was an executive producer of the four-part documentary series, *Filthy Rich*, which streamed on Netflix.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 8 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 8.

## RESPONSE TO JURISDICTION AND VENUE

9.      Paragraph 9 of the Amended Complaint contains legal conclusions that require no response.  To the extent a response is required, Netflix does not—at this time and for purposes of this case only—contest that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

10.      Paragraph 10 of the Amended Complaint contains legal conclusions that require no response.  To the extent a response is required, Netflix does not—at this time and for purposes of this case only—contest that this Court has personal jurisdiction over it.  Netflix lacks information sufficient to form a belief as to whether this Court has personal jurisdiction over Radical Media, Leroy & Morton, Berlinger, and Bryant, and on that basis, denies the allegations of personal jurisdiction as to each.

11.      Paragraph 11 of the Amended Complaint contains legal conclusions that require no response.  To the extent a response is required, Netflix does not—at this time and for purposes of this case only—contest that this Court has personal jurisdiction over it.  Netflix denies that *Filthy Rich* contains false and defamatory statements about Dershowitz.

12.     Paragraph 12 of the Amended Complaint contains legal conclusions that require no response.  To the extent a response is required, Netflix lacks information sufficient to form a belief as to whether this Court has personal jurisdiction over Leroy & Morton Productions, Radical Media, Bryant, and Berlinger, and, on that basis, denies the allegations in Paragraph 12 relating to this Court's personal jurisdiction over them.  Netflix denies that *Filthy Rich* contains false and defamatory statements about Dershowitz.

13.     Paragraph 13 of the Amended Complaint contains legal conclusions that require no response.  To the extent a response is required, Netflix does not—at this time and for purposes of this case only—contest that venue is proper in the Southern District of Florida.

**RESPONSE TO FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

**A.     Response to Professor Dershowitz's Acquaintance With and Representation of Epstein**

14.     Netflix admits that Dershowitz was acquainted with Jeffery Epstein and that Epstein maintained an office at Harvard University, where he conducted seminars and funded a program.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 14 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 14.

15.     Netflix admits that Epstein was investigated for sex crimes involving underage girls and that Dershowitz was part of Epstein's defense team to defend against the criminal charges.  Netflix further admits that Epstein was sentenced to eighteen months in prison and had to register as a sex offender.  Netflix further admits that Epstein entered into a non-prosecution agreement and respectfully refers the Court to this agreement for its content and meaning.  Except as so admitted and referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 15 of the Amended Complaint and, on that basis, denies

each and every remaining allegation in Paragraph 15.

16.     Netflix admits that Dershowitz was involved in negotiating Epstein's criminal plea bargain.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 16 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 16.

17.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 17.

**B.      Response to the CVRA Lawsuit and Giuffre's Joinder and Accusations**

18.     Paragraph 18 of the Amended Complaint purports to characterize a lawsuit brought by several of Epstein's alleged victims against the U.S. Government.  *See Doe v. United States*, No. 08-cv-80736 (KAM) (S.D. Fla. July 7, 2008).  Netflix respectfully refers the Court to this proceeding for its content and meaning.

19.     Paragraph 19 of the Amended Complaint purports to characterize a filing made by Virginia Giuffre in *Doe v. United States*.  Netflix respectfully refers the Court to that filing for its content and meaning.

20.     Netflix denies each and every allegation contained in Paragraph 20 of the Amended Complaint.

21.     Paragraph 21 of the Amended Compliant purports to contain examples showing why Giuffre's allegations against Dershowitz were "particularly suspect."  Because Netflix denies that Giuffre's allegations were "particularly suspect," Netflix denies each and every allegation contained in Paragraph 21.

22.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the

allegations in Paragraph 22 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 22.

23.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 23.

24.     Paragraph 24 of the Amended Complaint purports to characterize a filing made by Giuffre in *Doe v. United States*.  Netflix respectfully refers the Court to that filing for its content and meaning.  Except as so referred, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 24 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 24.

25.     Netflix admits that media outlets around the world reported extensively on Giuffre's accusation that Dershowitz sexually abused her as a minor.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 25 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 25.

26.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 26 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 26.

27.     Netflix admits that Dershowitz vehemently denied Giuffre's allegations in *Filthy Rich*.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 27 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 27.

28.     Paragraph 28 of the Amended Complaint purports to characterize a lawsuit brought

by Giuffre's attorneys against Dershowitz and a counterclaim filed by Dershowitz against Giuffre's attorneys. *See Edwards v. Dershowitz,* No. CACE-15-000072 (Fla. Broward Cty. Ct. 2015). Netflix respectfully refers the Court to this proceeding for its content and meaning.

29. Paragraph 29 of the Amended Complaint purports to characterize a decision by Judge Kenneth A. Marra in *Doe v. United States*. Netflix respectfully refers the Court to that decision for its content and meaning. To the extent Paragraph 29 implies that Judge Marra struck Giuffre's allegations on the grounds that they were untrue, Netflix denies that implication and notes that Judge Marra struck the allegations only because they were deemed unnecessary to the central questions of the motion—whether Giuffre was a known victim of Jeffrey Epstein and whether the Government owed her CVRA duties.

30. Netflix admits that Dershowitz has denied Giuffre's allegations against him. Except as so admitted and denied, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 30 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 30.

31. Netflix admits that Dershowitz has denied Giuffre's allegations against him. Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 31 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 31.

32. Paragraph 32 of the Amended Complaint purports to characterize the conclusions of an alleged investigation headed by former FBI Director Louis Freeh. Netflix respectfully refers the Court to that document for its content and meaning.

C.      **Response to the Boies Communications**

33.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 33.

34.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 34.

35.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 35.

36.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 36.

37.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 37.

38.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 38.

39.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 39.

40.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 40.

41.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 41.

42.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 42.

43.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 43.

44.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 44.

45.     Paragraph 45 of the Complaint purports to characterize a settlement between Dershowitz, Cassell, and Edwards.  Netflix respectfully refers the Court to this settlement for its content and meaning.

46.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 46.

47.     Paragraph 47 of the Amended Complaint purports to characterize a lawsuit brought by Giuffre against Dershowitz.  *See Giuffre v. Dershowitz*, No. 19-cv-03377 (LAP) (S.D.N.Y. Apr.

16, 2019).  Netflix respectfully refers the Court to this proceeding for its content and meaning.

48.     Paragraph 48 of the Amended Complaint purports to characterize a filing by Dershowitz in *Giuffre v. Dershowitz*.  Netflix respectfully refers the Court to that filing for its content and meaning.

49.     Paragraph 49 of the Amended Complaint purports to characterize a decision by Judge Loretta A. Preska in *Giuffre v. Dershowitz* as well as the status of that case.  Netflix respectfully refers the Court to that decision for its content and meaning as well as the docket of the case for its current status.

**D.     Response to the Bryant Communications, the Evidence Provided to Defendants, and the Release**

50.     Paragraph 50 of the Amended Complaint purports to characterize a February 25, 2019 email between Bryant and Dershowitz.  Netflix respectfully refers the Court to that email for its content and meaning.

51.     Paragraph 51 of the Amended Complaint purports to characterize various email exchanges between Bryant and Dershowitz that occurred between February 25, 2019 and February 28, 2019.  Netflix respectfully refers the Court to those email exchanges for their content and meaning.

52.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 52 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 52.

53.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 53.

54.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 54 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 54.

55.     Netflix admits that Dershowitz signed an Appearance Release.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 55 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 55.

56.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 56.

57.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 57.

58.     Netflix admits that an interview was held at Dershowitz's apartment in Miami Beach, Florida.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the remaining allegations in Paragraph 58 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 58.

59.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 59 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 59.

60.     Paragraph 60 of the Amended Complaint purports to characterize a March 7, 2019 email from Bryant to Dershowitz.  Netflix respectfully refers the Court to that email for its content and meaning.

61.     Paragraph 61 of the Amended Complaint purports to characterize a March 27, 2019 email from Bryant to Dershowitz.  Netflix respectfully refers the Court to that email for its content and meaning.

62.     Paragraph 62 of the Amended Complaint purports to characterize a March 27, 2019 email exchange between Dershowitz and Bryant.  Netflix respectfully refers the Court to that email exchange for its content and meaning.

63.     Paragraph 63 of the Amended Complaint purports to characterize an April 11, 2019 email exchange between Dershowitz and Bryant.  Netflix respectfully refers the Court to that email exchange for its content and meaning.

64.     Paragraph 64 of the Amended Complaint purports to characterize a May 8, 2019 email exchange between Dershowitz and Bryant.  Netflix respectfully refers the Court to that email exchange for its content and meaning.

65.     Paragraph 65 of the Amended Complaint purports to characterize a May 28, 2019 email exchange between Dershowitz and Bryant.  Netflix respectfully refers the Court to that email exchange for its content and meaning.

66.     Paragraph 66 of the Amended Complaint purports to characterize a June 5, 2019 email exchange between Dershowitz and Bryant.  Netflix respectfully refers the Court to that email exchange for its content and meaning.

67.     Paragraph 67 of the Amended Complaint purports to characterize a June 6, 2019 email exchange between Dershowitz and Bryant.  Netflix respectfully refers the Court to that email exchange for its content and meaning.

68.     Netflix admits that Dershowitz was interviewed for a second time.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the

remaining allegations in Paragraph 68 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 68.

69.     Paragraph 69 of the Amended Complaint purports to characterize Dershowitz's book, *Guilt by Association*.  Netflix respectfully refers the Court to that book for its content and meaning.   Except as so referred, Netflix denies that *Filthy Rich* defames Dershowitz and accordingly, denies the premise for the allegation that *Filthy Rich* needed to be edited so as to not to defame Dershowitz.

**E.     Response to the Netflix Epstein Series *Filthy Rich***

70.     Netflix affirmatively alleges that Berlinger acted as an executive producer for *Filthy Rich* and, except as so alleged, admits the remaining allegations in Paragraph 70 of the Amended Complaint.

71.     Paragraph 71 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

72.     Paragraph 72 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Netflix admits that Michael Reiter, Brad Edwards, Sigrid McCawley, Giuffre, and Dershowitz were interviewed for *Filthy Rich*.  Except as so admitted and referred, Netflix denies Dershowitz's characterizations of *Filthy Rich*.

73.     Paragraph 73 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Netflix admits that the dispute between Dershowitz and Giuffre comes across as a "he said/she said" conflict insofar as it accurately reported on the ongoing litigation between Dershowitz and Giuffre as it stood at

the time of publication and Giuffre's other public court filings, including Giuffre's accusations that she was forced to have sex with Dershowitz and Dershowitz's denial of her accusations. Except as so admitted and referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

74.     Netflix denies that the dispute between Dershowitz and Giuffre was not a "he said/she said" conflict.  Except as so denied, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 74 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 74.

75.     Paragraph 75 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

76.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 76 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 76.

77.     Paragraph 77 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Netflix lacks information sufficient to form a belief as to the truth or falsity of whether Dershowitz and Giuffre overlapped in employment by Epstein and whether Giuffre's allegations against Dershowitz were "apparently invented," and, on that basis, denies these allegations.  Except as so referred and denied, Netflix denies Dershowitz's characterization of *Filthy Rich*.

78.     Paragraph 78 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

79.     Paragraph 79 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies that *Filthy Rich* employed any "editorial tricks" to "bolster Giuffre's false claims against Professor Dershowitz" and further denies Dershowitz's characterization of *Filthy Rich*.

80.     Paragraph 80 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

81.     Paragraph 81 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

82.     Paragraph 82 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix admits that Professor Dershowitz speaks "unequivocally and forcefully" in denying Giuffre's allegations against him.

83.     Paragraph 83 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Netflix admits that *Filthy Rich* does not include a photograph of Dershowitz and Giuffre but lacks information sufficient to form a belief as to the truth or falsity of whether such a photograph exists and, on that basis, denies such allegations.   Except as so admitted, denied, and referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

84.     Paragraph 84 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

85.     Paragraph 85 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich.*

86.     Paragraph 86 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

87.     Paragraph 87 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies that the portion of *Filthy Rich* discussing Giuffre's allegations against Dershowitz was not a report on the litigation between Dershowitz and Giuffre and further denies Dershowitz's characterization of *Filthy Rich*.  The remainder of Paragraph 87 of the Amended Complaint contains legal conclusions to which no response is required.

88.     Netflix admits that *Filthy Rich* does not contain the portions of Dershowitz's interviews discussing or referencing the material that Dershowitz now claims should have been included in the series.  Netflix denies that it ever promised Dershowitz that this material would be included in the series and further denies any implication that this material undercuts Giuffre's accusations against Dershowitz.

89.     Paragraph 89 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

90.     Paragraph 90 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Netflix denies Dershowitz's characterization of *Filthy Rich*.  Except as so referred and denied, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 90 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 90.

91.     Paragraph 91 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Netflix admits that *Filthy Rich* does not include "a series of e-mails to a *New York Post* reporter" in which Ransome purportedly "accused Hillary Clinton, Donald Trump, Bill Clinton, Richard Branson and others of pedophilia, rape, and other crimes." Except as so admitted and referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

92.     Netflix lacks information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 92 and, on that basis, denies each and every allegation in Paragraph 92.

93.     Paragraph 93 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies Dershowitz's characterization of *Filthy Rich*.

94.     Paragraph 94 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Netflix denies Dershowitz's characterization of *Filthy Rich*.  Except as so referred and denied, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 94 of the Amended Complaint and, on that basis, denies the remaining allegations in Paragraph 94.

95.     Netflix admits that *Filthy Rich* presented the dispute between Dershowitz and Giuffre as a "he said/she said" conflict insofar as it accurately reported on the ongoing litigation between Dershowitz and Giuffre as it stood at the time of publication and Giuffre's other public court filings, including Giuffre's accusations that she was forced to have sex with Dershowitz and Dershowitz's denial of her accusations.  Netflix denies that this presentation was false or materially misleading and denies that this was not a fair and balanced portrayal.  Indeed, Netflix affirmatively alleges that the dispute between Dershowitz and Giuffre is presented in *Filthy Rich* in a fair and accurate manner and, is in fact, a fair and true report of the litigation between Dershowitz and Giuffre and Giuffre's other public court filings.  Except as so admitted and denied, Netflix lacks information sufficient to form a belief as to the remaining allegations in Paragraph 95 and, on that basis, denies each and every remaining allegation in Paragraph 95.

96.     Netflix denies each and every allegation in Paragraph 96 of the Amended Complaint.

97.     Netflix admits that Professor Dershowitz's image was included as a thumbnail for *Filthy Rich* on the Netflix streaming service  Except as so admitted, Netflix denies each and every remaining allegation in Paragraph 97.

98.     Netflix denies that *Filthy Rich* contained or was intended to endorse any defamatory accusations against Dershowitz.  Except as so denied, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 98 and, on that basis, denies each and every remaining allegation in Paragraph 98.

### RESPONSE TO COUNT 1
**(Defamation)**

99.     Netflix repeats and re-alleges its answers to Paragraphs 1 through 98 as if fully set forth herein.

100.    Netflix denies that Berlinger was an Associate Producer of *Filthy Rich*.  Except as so denied, Netflix admits the remaining allegations in Paragraph 100 of the Amended Complaint.

101.    Paragraph 101 of the Amended Complaint contains legal conclusions that require no response.

102.    Paragraph 102 of the Amended Complaint contains legal conclusions that require no response.

103.    Netflix denies each and every allegation in Paragraph 103 of the Amended Complaint.

104.    Paragraph 104 of the Amended Complaint purports to characterize *Filthy Rich*. Netflix respectfully refers the Court to *Filthy Rich* for its content and meaning.  Except as so referred, Netflix denies *Filthy Rich* provided a "platform for Giuffre to, *inter alia*, falsely accuse Professor Dershowitz of egregious sexual misconduct" and further denies Dershowitz's characterization of *Filthy Rich*.

105.    Netflix denies each and every allegation in Paragraph 105 of the Amended Complaint.

106.    Netflix denies each and every allegation in Paragraph 106 of the Amended Complaint.

107.    Netflix denies each and every allegation in Paragraph 107 of the Amended Complaint.

108.    Netflix denies that *Filthy Rich* contained any false and defamatory implications about Dershowitz.  Except as so denied, Netflix lacks information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 108 of the Amended Complaint and, on that basis, denies each and every remaining allegation.

109.    Netflix denies that *Filthy Rich* contained any false and defamatory implications about Dershowitz.  Except as so denied, Netflix lacks information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 109 of the Amended Complaint and, on that basis, denies each and every remaining allegation.

110.    Netflix denies each and every allegation in Paragraph 110 of the Amended Complaint because *Filthy Rich* provides a privileged fair report of the legal dispute between Dershowitz and Giuffre and Giuffre's other public court filings.

111.    Paragraph 111 of the Amended Complaint purports to characterize James Patterson's book, *Filthy Rich*.  Netflix respectfully refers the Court to that book for its content and meaning.

112.    Netflix denies that *Filthy Rich* does not contain a privileged fair report of the legal dispute between Dershowitz and Giuffre and Giuffre's other public court filings.  Except as so admitted, Netflix lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 112 of the Amended Complaint and, on that basis, denies each and every remaining allegation in Paragraph 112.

113.    Netflix denies each and every allegation in Paragraph 113 of the Amended Complaint.

114.    Netflix lacks information sufficient to form a belief as to the truth or falsity the allegations in Paragraph 114 of the Amended Complaint and, on that basis, denies each and every allegation in Paragraph 114.

115.    Netflix denies each and every allegation in Paragraph 115 of the Amended Complaint.

116.    Netflix denies each and every allegation in Paragraph 116 of the Amended Complaint.

117.    Netflix denies each and every allegation in Paragraph 117 of the Amended Complaint.

118.    Netflix denies each and every allegation in Paragraph 118 of the Amended Complaint.

119.    Netflix denies each and every allegation in Paragraph 119 of the Amended Complaint.

120.    Netflix denies each and every allegation in Paragraph 120 of the Amended Complaint.

121.    Netflix denies each and every allegation in Paragraph 121 of the Amended Complaint.

## RESPONSE TO COUNT II
### (Breach of Contract)

122.    Netflix repeats and re-alleges its answers to Paragraphs 1 through 98 and Paragraphs 100 through 120 as if fully set forth herein.

123.    Paragraph 123 of the Amended Complaint purports to characterize the Appearance Release.  Netflix respectfully refers the Court to the Appearance Release for its content and meaning.  Netflix admits that the Appearance Release is an enforceable agreement but denies that it provides that Dershowitz is entitled to any remedy.

124.    Netflix denies each and every allegation in Paragraph 124 of the Amended Complaint.

125.    Netflix denies each and every allegation in Paragraph 125 of the Amended Complaint.

126.    Netflix denies each and every allegation in Paragraph 126 of the Amended Complaint.

### RESPONSE TO COUNT III
**(Promissory Estoppel)**

127.    Netflix repeats and re-alleges its answers to Paragraphs 1 through 98 as if fully set forth herein.

128.    Netflix denies each and every allegation in Paragraph 128 of the Amended Complaint.

129.    Netflix denies each and every allegation in Paragraph 129 of the Amended Complaint.

130.    Netflix denies each and every allegation in Paragraph 130 of the Amended Complaint.

131.    Netflix denies each and every allegation in Paragraph 131 of the Amended Complaint.

132.    Netflix denies each and every allegation in Paragraph 132 of the Amended Complaint.

### RESPONSE TO COUNT IV
**(Fraudulent Inducement)**

133.    Netflix repeats and re-alleges its answers to Paragraphs 1 through 98 of the Amended Complaint as if fully set forth herein.

134.    Netflix denies each and every allegation in Paragraph 134 of the Amended Complaint.

135.    Netflix denies each and every allegation in Paragraph 135 of the Amended Complaint.

136.   Netflix denies each and every allegation in Paragraph 136 of the Amended Complaint.

137.   Netflix denies each and every allegation in Paragraph 137 of the Amended Complaint.

138.   Netflix denies each and every allegation in Paragraph 138 of the Amended Complaint.

## RESPONSE TO PRAYER FOR RELIEF

With respect to the WHEREFORE clauses in the Amended Complaint, Netflix denies that Dershowitz is entitled to any relief.

## RESPONSE TO JURY DEMAND

Netflix demands a jury on all triable issues.

## GENERAL DENIAL

Each numbered paragraph in this Answer responds to the identically numbered paragraph in the Amended Complaint.  Netflix denies all allegations, declarations, claims, or assertions in the Amended Complaint that are not specifically admitted in this Answer.  To the extent the headings contained in the Amended Complaint constitute allegations, such allegations are denied.

## AFFIRMATIVE DEFENSES

Further responding to the Amended Complaint, Netflix asserts the following defenses. Netflix does not admit to having the burden of proof and/or the burden of persuasion with respect to any of these defenses.  By designating the following as defenses, Netflix does not in any way waive or limit any defenses that are or may be raised by his denials, allegations, and averments set forth herein.  The defenses are pleaded in the alternative, are raised to preserve Netflix's right to assert such defenses, and are raised without prejudice to Netflix's ability to raise other and further

defenses.  Netflix reserves the right to amend, supplement, and/or otherwise modify this Answer, including without limitation the right to assert additional defenses that become known to it through discovery or otherwise.

### FIRST DEFENSE

The Amended Complaint, and each of its claims for relief, is barred because it fails to state a claim upon which relief can be granted against Netflix.

### SECOND DEFENSE

Dershowitz's claims for defamation, fraudulent inducement, and promissory estoppel are barred by Dershowitz's Appearance Release, which Dershowitz admits is a legally binding contract.  *See* Am. Compl. ¶ 55.  In the Release, Dershowitz agreed to "release and discharge . . . Company, its successors, licensees and assigns, and any representatives thereof, from and against any claims, damages, liabilities, losses, costs, and expenses (including attorneys' fees and expenses) suffered or incurred arising out of, or in connection with, the use of [his] name, voice, likeness or biographical materials in the Program or otherwise . . ." and further agreed that "Company has not said or promised anything to induce [him] to grant Company this Release." *See* Ex. 1.

### THIRD DEFENSE

Dershowitz's defamation claim is barred because the challenged statements are privileged and protected by the First and Fourteenth Amendment to the United States Constitution and Article I, § 8 of the New York Constitution.

### FOURTH DEFENSE

Dershowitz's defamation claim is barred because the challenged statements are absolutely privileged under New York Civil Rights Law § 74 as a fair and true report of the litigation between

Dershowitz and Giuffre and Giuffre's other public court filings.  *See* Am. Compl. ¶¶ 19, 47.  *Filthy Rich* clearly refers to these judicial proceedings, shows images of filings from the proceedings, and enumerates the positions of both Giuffre and Dershowitz.

**FIFTH DEFENSE**

Dershowitz's defamation claim is barred because the challenged statements are true or substantially true and thus cannot be the basis for a defamation action.

**SIXTH DEFENSE**

Dershowitz's defamation claim is barred because he is a public figure and cannot assert facts sufficient to show, by clear and convincing evidence, that Netflix acted with actual malice as to the publication of the challenged statements.  Netflix had no reason to doubt the accuracy of *Filthy Rich* because it reasonably relied on a team of highly professional filmmakers and documentary professionals that were carefully vetted and trained before engaging in production of *Filthy Rich*.  Netflix's reliance on the accuracy of information provided by professionals with sterling reputations is sufficient to preclude a finding of fault on Netflix's part.  Moreover, Netflix would have no reason to doubt the accuracy of *Filthy Rich* because, as Dershowitz recognizes in the Amended Complaint, "media outlets around the world" have been reporting on Giuffre's allegations against Dershowitz since 2014.  *See* Am. Compl. ¶ 25.

**SEVENTH DEFENSE**

Dershowitz's defamation claim is barred because, pursuant to New York Civil Rights Law § 76-a(2), this is an action involving public petition and participation, and Dershowitz cannot establish, by clear and convincing evidence, that Netflix acted with actual malice as to the publication of the challenged statements.  Netflix had no reason to doubt the accuracy of *Filthy Rich* because it reasonably relied on a team of highly professional filmmakers and documentary

25

professionals that were carefully vetted and trained before engaging in production of *Filthy Rich*. Netflix's reliance on the accuracy of information provided by professionals with sterling reputations is sufficient to preclude a finding of fault on Netflix's part.  Moreover, Netflix would have no reason to doubt the accuracy of *Filthy Rich* because, as Dershowitz recognizes in the Amended Complaint, "media outlets around the world" have been reporting on Giuffre's allegations against Dershowitz since 2014.  *See* Am. Compl. ¶ 25.

## EIGHTH DEFENSE

Dershowitz's defamation claim is barred because the challenged statements cannot be reasonably read to impart the defamatory meaning alleged.  *Filthy Rich* did not opine on the truth of Giuffre's allegations against Dershowitz, but, instead, presented the allegations as a "he said/she said" in accordance with the litigation between them.

## NINTH DEFENSE

To the extent Dershowitz brings a claim for defamation by implication, that claim is barred because Netflix did not intend or endorse the purported implication of which Dershowitz complains. *Filthy Rich* did not opine on the truth of Giuffre's allegations against Dershowitz, but, instead, presented the allegations as a "he said/she said" in accordance with the litigation between them.

## TENTH DEFENSE

To the extent Dershowitz brings a claim for defamation by implication, that claim is barred to the extent Dershowitz alleges the underlying statements are, in fact, false.

## ELEVENTH DEFENSE

Dershowitz's defamation claim is barred by the libel-proof plaintiff doctrine because his reputation with respect to the challenged statements was already too tarnished to be further injured

by any allegedly false statements on that subject. As Dershowitz recognizes in the Amended Complaint, "media outlets around the world" have been reporting on Giuffre's allegations against Dershowitz since 2014. *See* Am. Compl. ¶ 25.

## TWELFTH DEFENSE

Dershowitz's defamation claim is barred because he has not suffered any actual harm or damages proximately caused by any of the challenged statements and any claimed damages are vague, uncertain, imaginary, and speculative.

## THIRTEENTH DEFENSE

Dershowitz's claim for punitive damages fails because it would violate Netflix's right to substantive due process under the Fifth and Fourteenth Amendments to the United States Constitution and Article I, § 6 of the New York Constitution because, among other things, the alleged conduct at issue here is not sufficiently reprehensible to warrant any punitive damages recovery.

## FOURTEENTH DEFENSE

Dershowitz's claim for punitive damages fails because the challenged statements were not made with common law malice, and Netflix did not commit any outrageous conduct that was malicious, wanton, reckless, or in willful disregard of Dershowitz's rights.

## FIFTEENTH DEFENSE

Dershowitz is not entitled to attorneys' fees because the challenged statements were not motivated solely by disinterested malevolence or with intent to inflict economic injury.

## SIXTEENTH DEFENSE

Dershowitz's breach of contract claim is barred because each of the defenses applicable to his defamation claim is equally applicable to his breach of contract claim.

**SEVENTEENTH DEFENSE**

Dershowitz's breach of contract claim is barred because he cannot establish that any losses he suffered were caused by and are directly traceable to Netflix's alleged breach of contract.

**EIGHTEENTH DEFENSE**

Dershowitz's fraudulent inducement claim is barred by his failure to plead fraud with particularity under Federal Rule of Civil Procedure 9.

**NINETEENTH DEFENSE**

Dershowitz's fraudulent inducement claim is barred by his failure to allege a fraud separate and distinct from that contemplated by the Release.

**TWENTIETH DEFENSE**

Dershowitz's fraudulent inducement and promissory estoppel claims are barred as to Netflix because the purported "misrepresentations" cited in the Amended Complaint were allegedly made by Bryant, and Dershowitz has not pled—and cannot prove—that Bryant was acting as Netflix's agent.

**TWENTY-FIRST DEFENSE**

Dershowitz's fraudulent inducement and promissory estoppel claims are barred because, according to the filmmakers who were responsible for producing *Filthy Rich,* the purported "misrepresentations" that he cites are completely fabricated.

**TWENTY- SECOND DEFENSE**

Dershowitz's fraudulent inducement and promissory estoppel claims are barred because he did not agree to be interviewed for *Filthy Rich* as a result of any alleged misrepresentations.  As the Amended Complaint recognizes, Dershowitz agreed to be interviewed for *Filthy Rich* on

February 25, 2019—the same day that Bryant sent an email requesting his participation.  *See* Am. Compl. ¶¶ 50-51.  The facts, therefore, do not support these claims.

### TWENTY-THIRD DEFENSE

Dershowitz's fraudulent inducement and promissory estoppel claims are barred because any reliance on the alleged misrepresentations was not reasonable.

### TWENTY-FOURTH DEFENSE

Dershowitz's fraudulent inducement and promissory estoppel claims are barred because he cannot establish that any losses he suffered were caused by and are directly traceable to any alleged misrepresentations.

### COUNTERCLAIM OF DEFENDANT NETFLIX, INC.

1.       Defendant and Counterclaim Plaintiff Netflix, Inc. ("Netflix") realleges and incorporates by reference its responses to Paragraphs 1 through 138 of the Amended Complaint.

2.       Netflix asserts this anti-SLAPP counterclaim under New York Civil Rights Law §§ 70-a and 76-a against Plaintiff and Counterclaim Defendant Alan Dershowitz ("Dershowitz") because Dershowitz's litigation is frivolous and designed to chill speech on an issue of public interest.

3.       The four-part docuseries that is at issue in Dershowitz's Amended Complaint, *Jeffrey Epstein: Filthy Rich* ("*Filthy Rich*" or the "Series"), tells the story of Jeffrey Epstein, the myriad of young girls he sexually assaulted, and the numerous litigations stemming from Epstein's conduct—topics that have garnered immense public attention.

4.       Dershowitz was interviewed for the Series both because, as he alleges, he was part of a team defending Epstein from "sex crimes involving underage girls," Am. Compl. ¶ 15, and because he was personally dragged into Epstein's story when one of Epstein's victims, Virginia Giuffre, accused Dershowitz of sexual assault in public court filings.  *Filthy Rich* was never

intended to, and did not in fact focus on Dershowitz or provide a platform for a one-sided exoneration of him.  But the Series did report on the ongoing litigation between Dershowitz and Giuffre, repeating claims frequently made by both parties in public court filings over the course of the last seven years.  Accordingly, the Series' reporting on Dershowitz is absolutely privileged under New York Civil Rights Law § 74—a fact that Dershowitz, a self-professed expert on First Amendment freedoms, knew long before filing this lawsuit.

5.      Nevertheless, Dershowitz tried to manipulate the *Filthy Rich* filmmakers so that he could control how they reported on his litigation with Giuffre.  Even before *Filthy Rich* was released, Dershowitz made clear that he would sue over his portrayal in the Series unless his story was told in the exact manner he wanted.  And when he realized that *Filthy Rich* would not be used as a vehicle to tell only his side of the story, he brought this current lawsuit seeking to suppress Netflix's speech on matters of public concern.

6.      New York's recently amended anti-SLAPP statute is designed to protect individuals and entities in precisely this situation.  *See Palin v. New York Times Company*, 510 F.Supp.3d 21, 27, 2020 WL 7711593, at *3 (S.D.N.Y. 2020) (citing Sponsor Mem. of Sen. Hoylman (July 22, 2020), https://www.nysenate.gov/legislation/bills/2019/s52).  Netflix exercised its right of free speech by reporting on a publicly filed lawsuit and now faces meritless litigation. Accordingly, Netflix is entitled to collect attorneys' fees, compensatory damages, and punitive damages from Dershowitz.

## PARTIES

7.      Plaintiff and Counterclaim Defendant Dershowitz alleges that he is a citizen and resident of the State of Florida.  *See* Am. Compl. ¶ 3.  Dershowitz holds himself out to be a renowned criminal defense attorney, Professor Emeritus at Harvard Law School, and expert on constitutional law and "First Amendment freedoms."

8.      Netflix is an American technology and media services provider incorporated in Delaware and headquartered in California.  Netflix offers a subscription-based streaming service, referred to as "Netflix," that allows members to watch television shows and movies without commercials on an internet-connected device.  Netflix has over 200 million subscribers worldwide.

9.      Defendant and Counterclaim Plaintiffs Leroy & Morton Productions LLC and RadicalMedia LLC (the "Leroy Defendants") are media and communications limited liability companies.   The Leroy Defendants produce films, television shows, documentaries, and commercials.   As is relevant here, Leroy & Morton Productions LLC produced *Filthy Rich*.

10.      Defendant and Counterclaim Plaintiff Lisa Bryant ("Bryant") is an award-winning director, showrunner, executive producer, and development executive who creates, develops, and produces pitches and shows across all platforms. As is most relevant here, she was the director, showrunner, and producer of *Filthy Rich*.

11.      Defendant and Counterclaim Plaintiff Joseph Berlinger ("Berlinger") is one of the leading storytellers of this generation, drawing attention to social justice issues in the United States and abroad and creating landmark films such as *Brother's Keeper*, the *Paradise Lost* trilogy, and *Some Kind of Monster*.  In addition to his feature work, Berlinger has created or played pivotal roles as executive producer, director, or producer of many acclaimed and award-winning television series.  As is most relevant here, he was an executive producer of *Filthy Rich*.

## JURISDICTION AND VENUE

12.      Insofar as this Court has subject matter jurisdiction over the causes of action in Dershowitz's Amended Complaint, it has supplemental jurisdiction over Netflix's Counterclaim pursuant to 28 U.S.C. § 1367.  This Counterclaim and Dershowitz's Amended Complaint both arise from the same set of facts, namely Dershowitz's interview for and appearance in *Filthy Rich.*

31

The Counterclaim further arises from the present litigation itself and Dershowitz's attempts to suppress speech on matters of public concern.

13.     This Court has personal jurisdiction over Dershowitz because he has voluntarily submitted to jurisdiction in the Southern District of Florida by filing his Amended Complaint in this Court.

14.     Venue for this action properly lies in this district court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

15.     The laws of the state of New York apply to the subject matter of this action, as was expressly agreed in the Appearance Release (the "Release") between Dershowitz and the Leroy Defendants. *See* Ex. 1.  Further, New York has the most significant relationship to this litigation— the filmmakers produced the series from New York, Dershowitz maintains an apartment in New York, and the relevant interview with Dershowitz, where Dershowitz alleges he provided the Leroy Defendants with pierces of "evidence," took place in New York.

## ANTI-SLAPP COUNTERCLAIM

16.     This action commenced by Dershowitz is an "action involving public petition and participation" arising from "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest."  N.Y. Civil Rights Law § 76-a(a)(1)-(2).  Dershowitz has brought defamation and related claims based on *Filthy Rich's* discussion of a matters of public interest.

17.     In 2014, Giuffre first claimed in a public court filing that Jeffrey Epstein "required Giuffre to have sex six times with Professor Dershowitz."  Am. Compl. ¶ 19.

18.     As Dershowitz readily admits, "media outlets around the world began reporting on Giuffre's accusations that Professor Dershowitz had sexually abused her as a minor." *See* Am. Compl. ¶ 25.  The immense public attention that these allegations received was not surprising—Dershowitz's dispute with Giuffre concerns a number of issues of intense public concern, namely powerful men like Epstein and Dershowitz, claims of sex abuse and sex trafficking of young girls, as well as allegations of perjury, conflicts of interest, and abuse of the judicial process.

19.     In 2019, Giuffre brought a defamation suit against Dershowitz. *See Giuffre v. Dershowitz*, No. 19-cv-03377 (LAP) (S.D.N.Y. Apr. 16, 2019) (the "Giuffre Litigation").  In her initial complaint in that Litigation, attached hereto as Exhibit 2, Giuffre re-asserted that "Dershowitz was [] a participant in [Epstein's] sex trafficking [scheme]" and was "one of the men to whom Epstein lent out [Giuffre] for sex."  Ex. 2, ¶ 6; *see also* Ex. 3 (Giuffre's Am. Compl.). She claimed that Dershowitz defamed her when he stated, on numerous occasions, that her allegations of sexual assault were "made up," that she "framed" him for "financial reasons," and that she was a "liar."  *See* Ex. 2, ¶ 17.  He then countersued her for defamation and related claims.

20.     *Filthy Rich* accurately reported on the ongoing Giuffre Litigation and Giuffre's other public court filings.  As part of this reporting, the Series showed interviews with both Dershowitz and Giuffre, referred to the Litigation between them, showed images of filings from the Litigation, and enumerated the positions of both Giuffre and Dershowitz.

21.     While Netflix distributed the Series, it never communicated directly with Dershowitz for the production of the Series.  Rather, Netflix relied on the production, storytelling, and fact-checking expertise of Bryant and the Leroy Defendants, who were directly responsible for the production of the Series.  Netflix has no reason to doubt the Leroy Defendants' and Bryant's allegations regarding their communications with Dershowitz during the production of the Series.

To the contrary, Netflix affirmatively believes that Dershowitz's allegations regarding his interactions with Bryant are false.  Netflix, therefore, refers the Court to Bryant's and the Leroy Defendants' Counterclaims, Paragraphs 22-30, for details regarding the communications between Bryant and Dershowitz between February 2019 through June 2019.

22.     Netflix itself never promised Dershowitz anything in exchange for his participation in *Filthy Rich*.

23.     Moreover, Netflix understands that Dershowitz voluntarily signed the Release, which provided that Dershowitz was not relying on any promises or representations in entering into the agreement to appear in the Series.  The Release further provided the *Filthy Rich* producers broad permission to record Dershowitz and to use (or not use) those recordings in their sole discretion.

24.     Thus, Dershowitz's claims in the Amended Complaint that he relied on certain "promises" in order to participate in *Filthy Rich* are false.

25.     Dershowitz never directly provided Netflix with any evidence which purportedly "eviscerated the credibility of Giuffre as to her accusations against Professor Dershowitz." Am. Compl. ¶ 90.

26.     Upon information and belief, none of the Defendants in this action were provided with any "evidence" or "materials" from Dershowitz that "eviscerated the credibility of Giuffre as to her accusations against Professor Dershowitz." Am. Compl. ¶ 90. Upon information and belief, and contrary to the allegations in Dershowitz's Amended Complaint, none of Dershowitz's so-called "evidence" could even be authenticated.[2]

---

[2]  Dershowitz's failure to hand over full copies of his "evidence" in a way that could be verified or authenticated is far from surprising.  Numerous media outlets have requested Dershowitz's tapes when reporting on the dispute between Dershowitz and Giuffre, and Dershowitz has repeatedly refused to provide them, preventing outlets— including the *Washington Post* and *Miami Herald*—from fact-checking copies of his allegedly exculpatory

27.     Following Dershowitz's interviews for the Series and in anticipation that he would not approve of his portrayal in *Filthy Rich*, Dershowitz soon began threatening Netflix and the Leroy Defendants with litigation.  On May 21, 2020, Dershowitz sent a letter to Netflix, through his counsel, asserting that he would be "unfairly defamed" if the Series "publish[ed] any allegation of wrongdoing made by Giuffre of and concerning Dershowitz."  *See* Dershowitz Letter dated May 21, 2020, attached hereto as Ex. 4.  As a self-proclaimed expert on First Amendment freedoms, Dershowitz knew then and knows now that, in fact, reports of ongoing proceedings—like the Giuffre Litigation—are absolutely privileged as a matter of law.

28.     On May 22, 2020, in response to Dershowitz's eleventh-hour letter, Netflix denied Dershowitz's speculation that he had been defamed.  *See* Netflix Letter dated May 22, 2020, attached hereto as Ex. 5.  The letter reminded Dershowitz that he "s[at] for one interview at the filmmakers' request, and initiat[ed] a second, spontaneous interview" and regardless of his "apparent change of heart," he could not support a claim for defamation because: (1) he signed the Release precluding his claims; (2) the fair report privilege protects fair and true reports of judicial proceedings; and (3) Dershowitz, as a public figure, could not prove actual malice.  The letter also explained to Dershowitz that nothing in *Filthy Rich* was actionable, and that, to the contrary, "the Series was meticulously researched and vetted to assure that it was within the boundaries of the law."  *Id.*

29.     On May 27, 2020, *Filthy Rich* was first distributed by Netflix.  Dershowitz appears in the Series discussing his defense of Epstein.  As is relevant here, Episode 4 of the Series also

---

"materials."  *See* Tom Jackman, et al., *It's Alan Dershowitz vs. David Boies Again and Again*, The Wash. Post, Aug. 13, 2019, ("Dershowitz played the tape, which is muffled and cuts off at points, for The Post, but did not allow the newspaper to have a copy."); Miami Herald Tweet, Apr. 3, 2019 ("Mr. Dershowitz read select passages from voluminous documents that he said vindicated him.  He declined to let journalists examine the documents or take copies.").

discusses Giuffre's allegations of sex trafficking.  Dershowitz is shown vehemently denying allegations that he had sex with Giuffre, and Giuffre is shown insisting that she had sex with Dershowitz at Epstein's request.  Interspersed throughout the brief segment are images of filings in the Giuffre Litigation, comments by an attorney for Giuffre, and, at the end of the segment, a title card appears further explaining the Giuffre Litigation.

30.     In this way, as Dershowitz admits, *Filthy Rich* presents the Giuffre Litigation as a "he said/she said" dispute between the parties, which is unquestionably a fair and true report of a judicial proceeding.

31.     Nearly a full year after *Filthy Rich* was released, on February 23, 2021, Dershowitz's new litigation counsel sent a letter once again claiming that *Filthy Rich* was "defamatory, inaccurate, and misleading" and attaching a proposed complaint against Netflix.  *See* Dershowitz Letter dated February 23, 2021, attached hereto as Ex. 6.

32.     In response, on March 15, 2021, counsel for Netflix reminded Dershowitz of the previous correspondence and the numerous meritorious defenses they would assert if sued.  *See* Netflix Letter dated March 15, 2021, attached hereto as Ex. 7.  The letter further highlighted that Dershowitz's proposed complaint was littered with "provably false assertions," which were belied both by the correspondence between Dershowitz and Bryant and through the transcripts of Dershowitz's two days of interviews for *Filthy Rich*.  *Id.*  The letter warned that if Dershowitz were to file his complaint, wholly lacking in evidentiary support, Netflix would be compelled to pursue an anti-SLAPP claim against him to recover, *inter alia*, costs, attorneys' fees, and compensatory damages.  *Id.*

33.     Dershowitz's counsel responded on April 7, 2021, claiming that they had no reason to believe that Dershowitz was telling anything but the truth.  But, confirming that the real goal

here was to give Dershowitz an opportunity to control Netflix's reporting, counsel for Dershowitz explained that Netflix could avoid this litigation if it would provide Dershowitz with another "interview to be included in the forthcoming follow-up to the series in which he will be permitted a genuine, thorough, and fair opportunity to present the evidence of his innocence and a guarantee that such evidence will be included in the follow-up series." Dershowitz Letter dated April 7, 2021, attached hereto as Ex. 8.

34.     In response, on May 17, 2021, counsel for Netflix refused to capitulate and, instead, reiterated that Dershowitz's purported defamation claim based on his brief appearance in *Filthy Rich* was entirely frivolous.  *See* Netflix Letter, dated May 17, 2021, attached hereto as Ex. 9.

35.     Despite being placed on notice that the complaint was rife with provable inaccuracies, on May 26, 2021, Dershowitz's counsel filed the current lawsuit.

36.     Netflix is entitled to an award of attorneys' fees because Dershowitz commenced this frivolous action without a substantial basis in fact and law.  Dershowitz's litigation cannot be supported by a substantial argument for the extension, modification or reversal of existing law. Dershowitz's lawsuit is premised on falsehoods and is barred by the Release Dershowitz signed as well as multiple privileges including the fair report privilege.

37.     Netflix is entitled to compensatory damages and punitive damages because Dershowitz commenced this action for the purpose (and, indeed, for the sole purpose) of harassing, intimidating, punishing, or otherwise maliciously inhibiting Netflix's free exercise of speech and petition.

38.     Accordingly, pursuant to New York Civil Rights Law § 70-a, Netflix is entitled to maintain a counterclaim and to recover its costs, attorneys' fees, compensatory damages, and punitive damages in this action.

## **PRAYER FOR RELIEF**

WHEREFORE Netflix prays for judgment as follows:

1.      that Dershowitz be denied his requested relief in this action;

2.      that judgment on Dershowitz's claims be entered in favor of Netflix and against Dershowitz;

3.      that Netflix recover its reasonable costs, attorneys' fees, and disbursements;

4.      that judgment on the Counterclaim be entered in favor of Netflix and against Dershowitz;

5.      that Netflix be awarded its costs, attorneys' fees, compensatory damages in an amount to be determined, and punitive damages; and

6.      for such other and further relief as the Court may deem just and proper.


Dated: August 3, 2021

Respectfully Submitted,

**Deanna K. Shullman**                          **Rachel F. Strom**
Deanna K. Shullman                             Rachel F. Strom
Florida Bar No. 514462                         *admitted pro hac vice*
Minch Minchin                                  Amanda B. Levine
Florida Bar No. 1015950                        *admitted pro hac vice*

SHULLMAN FUGATE PLLC                            DAVIS WRIGHT TREMAINE LLP
2101 Vista Parkway, Suite 4006                 1251 Avenue of the Americas, 21st Floor
West Palm Beach, FL 33411                       New York, New York 10020
Telephone: (561) 429-3619                       Telephone: (212) 489-8230
dshullman@shullmanfugate.com                    rachelstrom@dwt.com
mminchin@shullmanfugate.com                     amandalevine@dwt.com

*Attorneys for Defendant Netflix, Inc.*