UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21961-CIV-ALTONAGA/Torres

ALAN DERSHOWITZ,

    Plaintiff,

v.

NETFLIX, INC.; *et al.*,

    Defendants.

_____/

**PLAINTIFF ALAN DERSHOWITZ'S ANSWER TO
COUNTERCLAIM OF DEFENDANT LISA BRYANT**

Plaintiff-Counterclaim Defendant Alan Dershowitz ("Professor Dershowitz") answers and affirmatively defends against the Counterclaim [D.E. 48] filed by Defendant Lisa Bryant ("Bryant") as follows:

1. In response to paragraph 1 of Bryant's Counterclaim, Professor Dershowitz realleges and incorporates by reference Paragraphs 1 through 138 of the Amended Complaint.

2. Professor Dershowitz denies paragraph 2 of Bryant's Counterclaim.

3. Paragraph 3 of Bryant's Counterclaim purports to be a description of the four-part documentary series on Jeffrey Epstein entitled *Filthy Rich* ("the Series"); Professor Dershowitz denies paragraph 3 of Bryant's Counterclaim and respectfully refers the Court to the Series for its content and meaning.

4. In response to paragraph 4 of Bryant's Counterclaim, Professor Dershowitz admits that he was interviewed for the Series and admits that he was part of a team of lawyers representing Jeffrey Epstein concerning certain criminal charges. Professor Dershowitz lacks personal

[1]

knowledge sufficient to admit or deny the unexpressed motivations for Defendants' decision to interview him and their "intention" for the Series, and generally denies Bryant's description of Professor Dershowitz's relationship to the events portrayed or mentioned in the Series. The remainder of paragraph 4 of Bryant's Counterclaim contains a legal argument to which no response is required, but which is denied nonetheless.

5. Professor Dershowitz denies paragraph 5 of Bryant's Counterclaim.

6. Paragraph 6 of Bryant's Counterclaim contains legal argument to which no response is required, but which is denied nonetheless.

## RESPONSE TO THE PARTIES

7. In response to Paragraph 7 of Bryant's Counterclaim, Professor Dershowitz denies the allegations as stated, but admits the allegations made in paragraph 3 of the Amended Complaint that he "is a citizen and resident of the State of Florida' and that he "is a distinguished Emeritus Professor of Law and constitutional scholar at the Harvard Law School and is now largely retired and domiciled in South Florida."

8. In response to paragraph 8 of Bryant's Counterclaim, Professor Dershowitz admits that Bryant is an individual who is a director, showrunner and producer for Radical Media, who was the Director, showrunner and producer of the four-part Netflix Epstein series *Filthy Rich*, and who is a citizen of New York. Professor Dershowitz is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 8 pertaining to Ms. Bryant's credentials or other job responsibilities.

9. Professor Dershowitz admits paragraph 9 of Bryant's Counterclaim and further avers that Defendant Netflix, Inc.("Netflix"): has its main headquarters in Los Gatos, California; is incorporated under the laws of Delaware and is a citizen of Delaware; is also a citizen of

California because Netflix Inc.'s headquarters and principal place of business is located at 100 Winchester Circle, Los Gatos, California 90523; and is registered to do business in Florida as a foreign corporation, has offices in Florida and intentionally markets and advertises its services to Florida customers.

10. Professor Dershowitz admits paragraph 10 of Bryant's Counterclaim as those allegations pertain to Defendants Leroy & Morton Productions LLC and RadicalMedia LLC.

11. Professor Dershowitz is without knowledge and information to form a belief of, and therefore denies, the allegations contained in paragraph 11 of Bryant's Counterclaim, except avers that Defendant Joseph Berlinger (hereinafter, "Berlinger") was a producer of the four-part Epstein Netflix Series *Filthy Rich* and is a citizen of New York.

## RESPONSE TO JURISDICTION AND VENUE

12. In response to paragraph 12 of Bryant's Counterclaim, Professor Dershowitz admits that there is subject matter jurisdiction over the causes of action asserted in the Amended Complaint and personal jurisdiction over Bryant, but denies each and every remaining allegation in paragraph 12 of Bryant's Counterclaim.

13. Professor Dershowitz admits paragraph 13 of Bryant's Counterclaim.

14. Professor Dershowitz admits paragraph 14 of Bryant's Counterclaim.

15. In response to paragraph 15 of Bryant's Counterclaim, Professor Dershowitz admits that the "Appearance Release" provides that New York law governs its terms and Professor Dershowitz maintains a New York apartment and provided evidence at the interview which took place in that New York apartment, but denies the remaining allegations in paragraph 15 of Bryant's Counterclaim.

## **RESPONSE TO ANTI-SLAPP COUNTERCLAIM**

16. Professor Dershowitz denies paragraph 16 of Bryant's Counterclaim.

17. Professor Dershowitz admits paragraph 17 of Bryant's Counterclaim and further avers what is alleged in paragraphs 18 and 19 of the Amended Complaint, that "[i]n 2008, shortly after Epstein's plea agreement became public, several of Epstein's alleged victims brought a lawsuit against the U.S. Government under the Crime Victims' Rights Act alleging that prosecutors had failed to inform them of the plea. *Doe v. United States*, Docket No. 08-cv-80736 (KAM) (S.D. Fla. July 7, 2008) (hereinafter, 'the CVRA lawsuit')", "[a]t the time of filing, Giuffre was not one of the alleged Epstein victims in the suit", and "[s]ix years later, on December 30, 2014, Giuffre's attorneys, Bradley Edwards and Paul Cassell, moved, in a public filing, to join Giuffre as a plaintiff in the CVRA lawsuit.  Giuffre's motion alleged that: (i) Giuffre had sex with several of Epstein's acquaintances, including Professor Dershowitz, (ii) Epstein required Giuffre to have sex six times with Professor Dershowitz, and (iii) Epstein trafficked Giuffre to other powerful men, including American politicians, business executives and foreign presidents." (Emphasis in original.)

18. In response to paragraph 18 of Bryant's Counterclaim, Professor Dershowitz avers what is alleged in paragraph 25 of the Amended Complaint, that "[b]ecause Giuffre's false accusations against Professor Dershowitz were filed in a public document, media outlets around the world began reporting on Giuffre's accusations that Professor Dershowitz had sexually abused her as a minor – a terribly damaging false accusation against a law professor and scholar", but denies each and every remaining allegation in paragraph 18 of Bryant's Counterclaim.

19. Professor Dershowitz admits paragraph 19 of Bryant's Counterclaim.

20. Paragraph 19 of Bryant's Counterclaim purports to be a description of a lawsuit

*Giuffre v. Dershowitz*, No. 19-cv-03377 (LAP)(S.D.N.Y.), statements made therein by Giuffre and Professor Dershowitz's Counterclaims against Giuffre; Professor Dershowitz respectfully refers the Court to the pleadings in *Giuffre v. Dershowitz*, No. 19-cv-03377 (LAP)(S.D.N.Y.), for their content and meaning and denies Giuffre's statements contained in paragraph 20 of Bryant's Counterclaim.

21. Paragraph 21 of Bryant's Counterclaim purports to be a description of the Series and its contents; Professor Dershowitz denies this description and respectfully refers the Court to the Series itself for its content and meaning. Professor Dershowitz further avers the allegations of paragraphs 70-98 of the Amended Complaint as to the presentation of Giuffre and Professor Dershowitz in *Filthy Rich*.

22. In response to paragraph 22 of Bryant's Counterclaim, Professor Dershowitz is without knowledge or information sufficient to admit or deny the descriptions of communications between Netflix and the other defendants in which Professor Dershowitz was not a participant, nor Netflix's subjective views concerning the reliability of the other defendants, nor Netflix's (admittedly baseless) "belief" about the truth of the allegations in the Amended Complaint. Professor Dershowitz denies that the "allegations regarding his interactions with Bryant are false" and all other factual assertions concerning his correspondence with other defendants to the extent they conflict with his descriptions of same in the Amended Complaint. Professor Dershowitz further avers what is alleged in paragraphs 50 and 51 of the Amended Complaint concerning the communications between Bryant and Professor Dershowitz on February 25, 2019.

23. In response to paragraph 23 of Bryant's Counterclaim, Professor Dershowitz is without knowledge or information sufficient to admit or deny what Netflix "understands" about the Release. Professor Dershowitz refers the Court to the Release itself for its content and meaning

[5]

and denies any other descriptions of the terms or import of the Release inconsistent with his allegations in the Amended Complaint.

24. Professor Dershowitz denies paragraph 24 of Bryant's Counterclaim.

25. Professor Dershowitz denies paragraph 25 of Bryant's Counterclaim and avers what is alleged in paragraphs 56 and 57 of the Amended Complaint concerning the challenge to Giuffre.

26. Professor Dershowitz admits paragraph 26 of Bryant's Counterclaim.

27. Professor Dershowitz is without knowledge and information to form a belief of, and therefore denies, the allegations contained in paragraph 27 of Bryant's Counterclaim, except avers that Giuffre appears in *Filthy Rich*.

28. In response to paragraph 28 of Bryant's Counterclaim, Professor Dershowitz denies the allegations as stated and avers to what is alleged in paragraphs 59-69 of the Amended Complaint concerning the communications between Bryant and Professor Dershowitz, including the interview of Professor Dershowitz held on June 7, 2019, in Manhattan.

29. In response to paragraph 29 of Bryant's Counterclaim, Professor Dershowitz denies the allegations, but avers that in the interview in Manhattan, Professor Dershowitz played a tape accurately recording Giuffre's attorney David Boies stating that Giuffre" was "wrong, simply, wrong" to have accused Professor Dershowitz of sexual impropriety and that Professor Dershowitz did not have sex with her as she has falsely alleged.

30. Professor Dershowitz denies paragraph 30 of Bryant's Counterclaim.

31. Professor Dershowitz denies paragraph 31 of Bryant's Counterclaim and avers the allegations of paragraph 90 of the Amended Complaint.

32. In response to paragraph 32 of Bryant's Counterclaim, Professor Dershowitz refers

to the Court to the referenced letter for its contents and meaning. Professor Dershowitz denies the remainder of the paragraph and avers that the referenced letter was sent 11 months after the June 7, 2019 interview he understands when the privilege of fair report applies and does not apply.

33.     In response to paragraph 33 of Bryant's Counterclaim, Professor Dershowitz refers to the Court to the referenced letter for its contents and meaning. Professor Dershowitz denies the remainder of the paragraph.

34.     In response to paragraph 34 of Bryant's Counterclaim, Professor Dershowitz admits that it was on May 27, 2020, *Filthy Rich* was first distributed by Netflix. Professor Dershowitz denies the remainder of the paragraph as purporting to describe portions of the Series and avers what is alleged in 70-98 of the Amended Complaint concerning the content of *Filthy Rich*.

35.     In response to paragraph 35 of Bryant's Counterclaim, Professor Dershowitz admits that the Series *falsely* presented his dispute with Giuffre as a "he said/she said" and denies the remainder of paragraph 35 of Bryant's Counterclaim and avers what is alleged in paragraph 74 of the Amended Complaint that it wasn't a "he said/she said" situation.

36.     In response to paragraph 36 of Bryant's Counterclaim, Professor Dershowitz denies the allegations as stated, but the Court is respectfully referred to the letter dated February 23, 2021, of Nesenoff & Miltenberg LLP and the accompanying draft Complaint against Netflix, the Leroy Defendants, Bryant and Berlinger for their meaning and content.

37.     In response to paragraph 37 of Bryant's Counterclaim, Professor Dershowitz admits that counsel for Netflix, the Leroy Defendants, Bryant and Berlinger sent a letter dated March 15, 2021, replying to the February 23, 2021 Nesenoff & Miltenberg LLP letter and accompanying draft Complaint, but denies the allegations contained in paragraph 37 of Bryant's

Counterclaim and the Court is respectfully referred to the letter dated March 15, 2021, of Davis Wright Tremaine LLP for its meaning and content.

38. In response to paragraph 38 of Bryant's Counterclaim, Professor Dershowitz admits that his counsel sent a letter dated April 7, 2021, replying to the March 15, 2021 Davis Wright Tremaine, but denies the allegations contained in paragraph 38 of Bryant's Counterclaim, and the Court is respectfully referred to the letter dated April 7, 2021, of Nesenoff & Miltenberg LLP for its meaning and content.

39. In response to paragraph 39 of Bryant's Counterclaim, Professor Dershowitz admits that counsel for Netflix, the Leroy Defendants, Bryant and Berlinger sent a letter dated May 17, 2021, replying to the April 7, 2021 Nesenoff & Miltenberg LLP letter, but denies the allegations contained in paragraph 39 of Bryant's Counterclaim and the Court is respectfully referred to the letter dated May 17, 2021, of Davis Wright Tremaine LLP for its meaning and content.

40. Professor Dershowitz denies paragraph 40 of Bryant's Counterclaim, but avers that on May 27, 2021, Professor Dershowitz, through counsel, timely filed the meritorious Complaint in this action.

41. Paragraph 41 of Bryant's Counterclaim is a legal argument to which no response is required, but is denied nonetheless.

42. Paragraph 42 of Bryant's Counterclaim is a legal argument to which no response is required, but is denied nonetheless.

43. Paragraph 43 of Bryant's Counterclaim is a legal argument to which no response is required, but is denied nonetheless.

44. Professor Dershowitz further denies each and every allegation in Bryant's

Counterclaim not expressly admitted above.

## RESPONSE TO PRAYER FOR RELIEF

45.     Professor Dershowitz denies that Bryant is entitled to the relief stated in the Prayer for Relief in Bryant's Counterclaim.

## AFFIRMATIVE DEFENSES

Further responding to Bryant's Counterclaim, Professor Dershowitz asserts the following affirmative defenses without admitting to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, Professor Dershowitz does not in any way waive or limit any defenses that are or may be raised by his denials, allegations and averments set forth herein. The defenses are pleaded in the alternative, are raised to preserve Professor Dershowitz's right to assert such defenses and are raised without prejudice to Professor Dershowitz's ability to raise other and further defenses. Professor Dershowitz reserves the right to amend, supplement and/or otherwise modify this Answer to Counterclaim of Bryant, including without limitation the right to assert additional defenses that become known to Professor Dershowitz through discovery or otherwise.

## FIRST AFFIRMATIVE DEFENSE

Bryant's Counterclaim fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Bryant's Counterclaim is barred because Professor Dershowitz's defamation cause of action stated in the Amended Complaint is meritorious.

## THIRD AFFIRMATIVE DEFENSE

Bryant's Counterclaim is barred because Professor Dershowitz's Amended Complaints states a cause of action for defamation.

**FOURTH AFFIRMATIVE DEFENSE**

Bryant's Counterclaim is barred because Bryant has not suffered any actual harm or damages proximately caused by Professor Dershowitz's assertion of a defamation cause of action in the Amended Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

The claim for punitive damages in Bryant's Counterclaim is barred because Professor Dershowitz has not brought the defamation cause of action with common law malice and did not commit any outrageous conduct in bringing the defamation cause of action that was malicious, wanton, reckless, or in willful disregard of the rights of Bryant.

**SIXTH AFFIRMATIVE DEFENSE**

The claim for punitive damages in Bryant's Counterclaim is barred because it would violate Professor Dershowitz's right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 6 of the New York State Constitution because among other things, the alleged conduct here is not sufficiently reprehensible to warrant any punitive damages.

**SEVENTH AFFIRMATIVE DEFENSE**

Bryant's Counterclaim fails because Professor Dershowitz's Amended Complaint does not fall within the ambit of the law upon which Bryant purports to ground her Counterclaim.

**EIGHTH AFFIRMATIVE DEFENSE**

The claim for punitive damages in Bryant's Counterclaim is barred because Professor Dershowitz has not brought the defamation cause of action "for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights", as required in order to be entitled to such damages under the relevant statute

by which Netflix purports to be entitled to punitive damages.

## NINTH AFFIRMATIVE DEFENSE

Bryant is not entitled to relief on her Counterclaim because she grounds her Counterclaim on documents and materials that are inadmissible under Federal Rule of Evidence 408 for the very purpose for which Netflix seeks to admit them/relies upon.

## PRAYER FOR RELIEF

WHEREFORE, Professor Dershowitz respectfully requests the Court:

(i) dismiss Bryant's Counterclaim with prejudice;

(ii) grant all requested relief to Professor Dershowitz sought in the Amended Complaint, including an award of reasonable fees and costs; and

(iii) grant such further and other relief as the Court deems just and proper.

## JURY DEMAND

Professor Dershowitz demands a trial by jury of all issues presented herein that are triable by a jury.

Dated:   Miami, Florida
         August 23, 2021

Respectfully submitted,

*/s/ Philip A. Byler*
Philip A. Byler
Email: pbyler@nmllplaw.com
Nesenoff & Miltenberg LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001
Tel: (212) 736-4500
*admitted pro hac vice*

*/s/ Sean A. Burstyn*
Sean Alexander Burstyn
(Florida Bar No. 1028778)
Email: sean.burstyn@burstynlaw.com
Burstyn Law PLLC
1111 Brickell Avenue, Suite 1550
Miami, FL 33131

Tel: (917) 810-8450
*Attorneys for Plaintiff Alan Dershowitz*