UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21961-CIV-ALTONAGA/Torres

ALAN DERSHOWITZ,

    Plaintiff,

v.

**NETFLIX, INC.**; *et al.*,

    Defendants.

_____/

## PLAINTIFF ALAN DERSHOWITZ'S ANSWER TO COUNTERCLAIM OF DEFENDANT NETFLIX, INC.

Plaintiff-Counterclaim Defendant Alan Dershowitz ("Professor Dershowitz") answers and affirmatively defends the Counterclaim [D.E. 50] filed by Defendants Netflix, Inc. ("Netflix") as follows:

1. In response to paragraph 1 of Netflix's Counterclaim, Professor Dershowitz realleges and incorporates by reference Paragraphs 1 through 138 of the Amended Complaint.

2. Professor Dershowitz denies paragraph 2 of Netflix's Counterclaim.

3. Paragraph 3 of Netflix's Counterclaim purports to be a description of the four-part documentary series on Jeffrey Epstein entitled *Filthy Rich* ("the Series"); Professor Dershowitz denies paragraph 3 of Netflix's Counterclaim and respectfully refers the Court to the Series for its content and meaning.

4. In response to paragraph 4 of the Netflix's Counterclaim, Professor Dershowitz admits that he was interviewed for the Series and admits that he was part of a team of lawyers representing Epstein concerning certain criminal charges. Professor Dershowitz lacks personal

knowledge sufficient to admit or deny the unexpressed motivations for Defendants' decision to interview him and their "intention" for the Series, and generally denies Defendant's description of Professor Dershowitz's relationship to the events portrayed or mentioned in the Series. The remainder of paragraph 4 of Netflix's Counterclaim contains a legal argument to which no response is required, but which is denied nonetheless.

    5.    Professor Dershowitz denies paragraph 5 of Netflix's Counterclaim.

    6.    Paragraph 6 of Netflix's Counterclaim contains legal argument to which no response is required, but which is denied nonetheless.

## RESPONSE TO THE PARTIES

    7.    In response to paragraph 7 of the Netflix's Counterclaim, Professor Dershowitz denies the allegations as stated, but admits the allegations made in paragraph 3 of the Amended Complaint that he "is a citizen and resident of the State of Florida' and that he "is a distinguished Emeritus Professor of Law and constitutional scholar at the Harvard Law School and is now largely retired and domiciled in South Florida."

    8.    Professor Dershowitz admits paragraph 8 of Netflix's Counterclaim and further avers that Netflix: has its main headquarters in Los Gatos, California; is incorporated under the laws of Delaware and is a citizen of Delaware; is also a citizen of California because Netflix Inc.'s headquarters and principal place of business is located at 100 Winchester Circle, Los Gatos, California 90523; and is registered to do business in Florida as a foreign corporation, has offices in Florida and intentionally markets and advertises its services to Florida customers.

    9.    Professor Dershowitz admits paragraph 9 of Netflix's Counterclaim as those allegations pertain to Defendants Leroy & Morton Productions LLC and RadicalMedia LLC.

    10.    In response to paragraph 10 of Netflix's Counterclaim, Professor Dershowitz

admits that Defendant Lisa Bryant (hereinafter, "Bryant") is an individual who is a director, showrunner and producer for Radical Media, who was the Director, showrunner and producer of the four-part Netflix Epstein series *Filthy Rich*, and who is a citizen of New York. Professor Dershowitz is without knowledge or information sufficient to admit or deny the remaining allegations in paragraph 10 pertaining to Ms. Bryant's credentials or other job responsibilities.

11. Professor Dershowitz is without knowledge and information to form a belief of, and therefore denies, the allegations contained in paragraph 11 of Netflix's Counterclaim, except avers that Defendant Joseph Berlinger (hereinafter, "Berlinger") was a producer of the four-part Epstein Netflix Series *Filthy Rich* and is a citizen of New York.

## RESPONSE TO JURISDICTION AND VENUE

12. In response to paragraph 12 of Netflix's Counterclaim, Professor Dershowitz admits that there is subject matter jurisdiction over the causes of action asserted in the Amended Complaint and personal jurisdiction over Netflix, but denies each and every remaining allegation in paragraph 12 of Netflix's Counterclaim.

13. Professor Dershowitz admits paragraph 13 of Netflix's Counterclaim.

14. Professor Dershowitz admits paragraph 14 of Netflix's Counterclaim.

15. In response to paragraph 15 of Netflix's Counterclaim, Professor Dershowitz admits that the "Appearance Release" provides that New York law governs its terms and Professor Dershowitz maintains a New York apartment and provided evidence at the interview which took place in that New York apartment, but denies the remaining allegations in paragraph 15 of Netflix's Counterclaim.

## RESPONSE TO ANTI-SLAPP COUNTERCLAIM

16. Professor Dershowitz denies paragraph 16 of Netflix's Counterclaim.

17. Professor Dershowitz admits paragraph 17 of Netflix's Counterclaim and further avers what is alleged in paragraphs 18 and 19 of the Amended Complaint, that "[i]n 2008, shortly after Epstein's plea agreement became public, several of Epstein's alleged victims brought a lawsuit against the U.S. Government under the Crime Victims' Rights Act alleging that prosecutors had failed to inform them of the plea. *Doe v. United States*, Docket No. 08-cv-80736 (KAM) (S.D. Fla. July 7, 2008) (hereinafter, 'the CVRA lawsuit')", "[a]t the time of filing, Giuffre was not one of the alleged Epstein victims in the suit", and "[s]ix years later, on December 30, 2014, Giuffre's attorneys, Bradley Edwards and Paul Cassell, moved, in a public filing, to join Giuffre as a plaintiff in the CVRA lawsuit. Giuffre's motion alleged that: (i) Giuffre had sex with several of Epstein's acquaintances, including Professor Dershowitz, (ii) Epstein required Giuffre to have sex six times with Professor Dershowitz, and (iii) Epstein trafficked Giuffre to other powerful men, including American politicians, business executives and foreign presidents." (Emphasis in original.)

18. Professor Dershowitz admits the portion of paragraph 18 of Netflix's Counterclaim which restates his allegation in the Amended Complaint. The remainder of the paragraph is the opinion of Netflix defendants and not a factual allegation requiring a response, but is denied nonetheless. Professor Dershowitz further avers what is alleged in paragraph 25 of the Amended Complaint: that "[b]ecause Giuffre's false accusations against Professor Dershowitz were filed in a public document, media outlets around the world began reporting on Giuffre's accusations that Professor Dershowitz had sexually abused her as a minor – a terribly damaging false accusation against a law professor and scholar."

19. Paragraph 19 of Netflix's Counterclaim purports to be a description of a lawsuit *Giuffre v. Dershowitz*, No. 19-cv-03377 (LAP)(S.D.N.Y.), statements made therein by Giuffre and

Professor Dershowitz's Counterclaims against Giuffre; Professor Dershowitz respectfully refers the Court to the pleadings in *Giuffre v. Dershowitz*, No. 19-cv-03377 (LAP)(S.D.N.Y.), for their content and meaning and denies Giuffre's statements contained in paragraph 19 of Netflix's Counterclaim.

20. Paragraph 20 of Netflix's Counterclaim purports to be a description of the Series and its contents; Professor Dershowitz denies this description and respectfully refers the Court to the Series itself for its content and meaning. Professor Dershowitz further avers the allegations of paragraphs 70-98 of the Amended Complaint as to the presentation of Giuffre and Professor Dershowitz in *Filthy Rich*.

21. In response to paragraph 21 of Netflix's Counterclaim, Professor Dershowitz is without knowledge or information sufficient to admit or deny the descriptions of communications between Netflix and the other defendants in which Professor Dershowitz was not a participant, nor Netflix's subjective views concerning the reliability of the other defendants, nor Netflix's (admittedly baseless) "belief" about the truth of the allegations in the Amended Complaint. Professor Dershowitz denies that the "allegations regarding his interactions with Bryant are false" and all other factual assertions concerning his correspondence with other defendants to the extent they conflict with his descriptions of same in the Amended Complaint. Professor Dershowitz further avers what is alleged in paragraphs 50 and 51 of the Amended Complaint concerning the communications between Bryant and Professor Dershowitz on February 25, 2019.

22. Professor Dershowitz denies the allegations contained in paragraph 22 of Netflix's Counterclaim.

23. In response to paragraph 23 of Netflix's Counterclaim, Professor Dershowitz is without knowledge or information sufficient to admit or deny what Netflix "understands" about

the Release. Professor Dershowitz refers the Court to the Release itself for its content and meaning and denies any other descriptions of the terms or import of the Release inconsistent with his allegations in the Amended Complaint.

24. Professor Dershowitz denies paragraph 24 of Netflix's Counterclaim.

25. Professor Dershowitz denies paragraph 25 of Netflix's Counterclaim and avers the allegations of paragraph 90 of the Amended Complaint.

26. Professor Dershowitz denies paragraph 26 of Netflix's Counterclaim and avers the allegations of paragraph 90 of the Amended Complaint. To the extent this paragraph references other documents or materials, Professor Dershowitz refers the Court to those original documents/materials for their content and meaning.

27. In response to paragraph 27 of Netflix's Counterclaim, Professor Dershowitz refers to the Court to the referenced letter for its contents and meaning. Professor Dershowitz denies the remainder of the paragraph and avers that the referenced letter was sent 11 months after the June 7, 2019 interview he understands when the privilege of fair report applies and does not apply.

28. In response to paragraph 28 of Netflix's Counterclaim, Professor Dershowitz refers to the Court to the referenced letter for its contents and meaning. Professor Dershowitz denies the remainder of the paragraph.

29. In response to paragraph 29 of Netflix's Counterclaim, Professor Dershowitz admits that it was on May 27, 2020, *Filthy Rich* was first distributed by Netflix. Professor Dershowitz denies the remainder of the paragraph as purporting to describe portions of the Series and avers what is alleged in 70-98 of the Amended Complaint concerning the content of *Filthy Rich*.

30. In response to paragraph 30 of Netflix's Counterclaim, Professor Dershowitz

admits that the Series *falsely* presented his dispute with Giuffre as a "he said/she said" and denies the remainder of paragraph 30 of Netflix's Counterclaim and avers what is alleged in paragraph 74 of the Amended Complaint that it wasn't a "he said/she said" situation.

31. In response to paragraph 31 of Netflix's Counterclaim, Professor Dershowitz denies the allegations as stated, but the Court is respectfully referred to the letter dated February 23, 2021, of Nesenoff & Miltenberg LLP and the accompanying draft Complaint against Netflix, the Leroy Defendants, Bryant and Berlinger for their meaning and content.

32. In response to paragraph 32 of Netflix's Counterclaim, Professor Dershowitz admits that counsel for Netflix, the Leroy Defendants, Bryant and Berlinger sent a letter dated March 15, 2021, replying to the February 23, 2021 Nesenoff & Miltenberg LLP letter and accompanying draft Complaint, but denies the allegations contained in paragraph 32 of Netflix's Counterclaim and the Court is respectfully referred to the letter dated March 15, 2021, of Davis Wright Tremaine LLP for its meaning and content.

33. In response to paragraph 33 of Netflix's Counterclaim, Professor Dershowitz admits that his counsel sent a letter dated April 7, 2021, replying to the March 15, 2021 Davis Wright Tremaine, but denies the allegations contained in paragraph 33 of Netflix's Counterclaim, and the Court is respectfully referred to the letter dated April 7, 2021, of Nesenoff & Miltenberg LLP for its meaning and content.

34. In response to paragraph 34 of Netflix's Counterclaim, Professor Dershowitz admits that counsel for Netflix, the Leroy Defendants, Bryant and Berlinger sent a letter dated May 17, 2021, replying to the April 7, 2021 Nesenoff & Miltenberg LLP letter, but denies the allegations contained in paragraph 34 of Netflix's Counterclaim and the Court is respectfully referred to the letter dated May 17, 2021, of Davis Wright Tremaine LLP for its meaning and

content.

35. Professor Dershowitz denies paragraph 35 of Netflix's Counterclaim, but admits that on May 27, 2021, Professor Dershowitz, through counsel, timely filed the meritorious Complaint in this action.

36. Paragraph 36 of Netflix's Counterclaim is a legal argument to which no response is required, but is denied nonetheless.

37. Paragraph 37 of Netflix's Counterclaim is a legal argument to which no response is required, but is denied nonetheless.

38. Paragraph 38 of Netflix's Counterclaim is a legal argument to which no response is required, but is denied nonetheless.

39. Professor Dershowitz further denies each and every allegation in Netflix's Counterclaim not expressly admitted above.

## RESPONSE TO PRAYER FOR RELIEF

40. Professor Dershowitz denies that Netflix is entitled to the relief stated in the Prayer for Relief in Netflix's Counterclaim.

## AFFIRMATIVE DEFENSES

Further responding to Netflix's Counterclaim, Professor Dershowitz asserts the following affirmative defenses without admitting to having the burden of proof and/or the burden of persuasion with respect to any of these defenses. By designating the following as defenses, Professor Dershowitz does not in any way waive or limit any defenses that are or may be raised by his denials, allegations and averments set forth herein. The defenses are pleaded in the alternative, are raised to preserve Professor Dershowitz's right to assert such defenses and are raised without prejudice to Professor Dershowitz's ability to raise other and further defenses.

Professor Dershowitz reserves the right to amend, supplement and/or otherwise modify this Answer to Counterclaim of Netflix, including without limitation the right to assert additional defenses that become known to Professor Dershowitz through discovery or otherwise.

### FIRST AFFIRMATIVE DEFENSE

Netflix's Counterclaim fails to state a cause of action upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Netflix's Counterclaim is barred because Professor Dershowitz's defamation cause of action stated in the Amended Complaint is meritorious.

### THIRD AFFIRMATIVE DEFENSE

Netflix's Counterclaim is barred because Professor Dershowitz's Amended Complaints states a cause of action for defamation.

### FOURTH AFFIRMATIVE DEFENSE

Netflix's Counterclaim is barred because Netflix has not suffered any actual harm or damages proximately caused by Professor Dershowitz's assertion of a defamation cause of action in the Amended Complaint.

### FIFTH AFFIRMATIVE DEFENSE

The claim for punitive damages in Netflix's Counterclaim is barred because Professor Dershowitz has not brought the defamation cause of action with common law malice and did not commit any outrageous conduct in bringing the defamation cause of action that was malicious, wanton, reckless, or in willful disregard of the rights of Netflix.

### SIXTH AFFIRMATIVE DEFENSE

The claim for punitive damages in Netflix's Counterclaim is barred because it would violate Professor Dershowitz's right to due process under the Fifth and Fourteenth Amendments

to the U.S. Constitution and Article I, § 6 of the New York State Constitution because among other things, the alleged conduct here is not sufficiently reprehensible to warrant any punitive damages.

### SEVENTH AFFIRMATIVE DEFENSE

Netflix's Counterclaim fails because Professor Dershowitz's Amended Complaint does not fall within the ambit of the law upon which Netflix purports to ground its Counterclaim.

### EIGHTH AFFIRMATIVE DEFENSE

The claim for punitive damages in Netflix's Counterclaim is barred because Professor Dershowitz has not brought the defamation cause of action "for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights", as required in order to be entitled to such damages under the relevant statute by which Netflix purports to be entitled to punitive damages.

### NINTH AFFIRMATIVE DEFENSE

Netflix is not entitled to relief on its Counterclaim because it grounds its Counterclaim on documents and materials that are inadmissible under Federal Rule of Evidence 408 for the very purpose for which Netflix seeks to admit them/relies upon.

### PRAYER FOR RELIEF

WHEREFORE, Professor Dershowitz respectfully requests the Court:

(i) dismiss Netflix's Counterclaim with prejudice;

(ii) grant all requested relief to Professor Dershowitz sought in the Amended Complaint, including an award of reasonable fees and costs; and

(iii) grant such further and other relief as the Court deems just and proper.

## JURY DEMAND

Professor Dershowitz demands a trial by jury of all issues presented herein that are triable by a jury.

Dated: Miami, Florida
August 23, 2021

Respectfully submitted,

*/s/ Philip A. Byler*
Philip A. Byler
Email: pbyler@nmllplaw.com
Nesenoff & Miltenberg LLP
363 Seventh Avenue, 5th Floor
New York, NY 10001
Tel: (212) 736-4500
*admitted pro hac vice*

*/s/ Sean A. Burstyn*
Sean Alexander Burstyn
(Florida Bar No. 1028778)
Email: sean.burstyn@burstynlaw.com
Burstyn Law PLLC
1111 Brickell Avenue, Suite 1550
Miami, FL 33131
Tel: (917) 810-8450
*Attorneys for Plaintiff Alan Dershowitz*