UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-21961-CIV-ALTONAGA/Torres

**ALAN DERSHOWITZ**,

    Plaintiff,
vs.

**NETFLIX, INC.**; *et al.*,

    Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

THIS CAUSE came before the Court on the Joint Motion for Entry of Stipulated Protective Order [ECF No. 61]. Being fully advised, it is

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as follows:

**1.** **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action (the "Action") is likely to involve production of confidential or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this Action may be warranted. Accordingly, Plaintiff and Defendants (collectively, the "Parties"), by and through their undersigned counsel, having met and conferred, stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order").

The Parties acknowledge, as set forth in Section 12.3, below, that the procedures for filing any Protected Material, as defined herein, shall be governed by Local Rule 5.4, which sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

**2.     DEFINITIONS**

2.1     Challenging Party: A Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: shall include any non-public, sensitive business, proprietary, or sensitive personal information (regardless of how it is generated, stored or maintained).

2.3     Counsel (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4     Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery requests as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.5     Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery requests in this Action.

2.6     Expert: A person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action (as well as his or her employees and staff).

2.7     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: Extremely sensitive "Confidential Information or Items" that a Party determines in good faith to consist of highly proprietary business, strategic, proprietary, financial commercially sensitive business information, or personal financial or medical information, or information subject to confidentiality restrictions, trade secrets or other similar information that is

substantially likely to cause injury to the commercial, financial, strategic, or business interests of such producing party or its employees, customers, or clients if disclosed. Notwithstanding the foregoing, information produced by one of the current co-defendants may be disclosed to and amongst the co-defendants.

2.9 <u>In-House Counsel</u>: Attorneys who are employees of a Party (or any affiliated entity or subsidiary of the Party) to this Action, or their support staff. In-House Counsel does not include Outside Counsel of Record or any other outside counsel of a Party.

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, including but not limited to Professional Vendors and contract review attorneys retained by that law firm.

2.12 <u>Party</u>: Any named party to this action.

2.13 <u>Personally Identifiable Information</u>: Customer names, Social Security numbers, account numbers, telephone numbers, mailing addresses, and email addresses.

2.14 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.15 <u>Professional Vendors</u>: Persons or entities engaged by a Party(ies) or engaged by Outside Counsel of Record that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    Protected Material:  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.17    Receiving Party:  A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material (as defined above), but also all of the following, which shall also be deemed Protected Material: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by a separate agreement or order. However, the protections conferred by this Order do not cover the following information: (a) any information that is publicly available or in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure unless the Receiving Party is subject to an existing and separate duty of confidentiality or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. This Order does not modify any party or non-party's obligations under any other protective orders in other cases.

**4.    DURATION**

Even after final disposition (as defined herein) of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees

otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of: (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practicable to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify.

Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or obstruct the case development process or to impose unnecessary expenses and burdens on another Party or Non-Party) may expose the Designating Party to sanctions pursuant to applicable law.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see*, *e.g*., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains Protected Material except as otherwise set forth in other orders adopted in this Action.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the Receiving Party has indicated which material it would like copied and produced. During the inspection and before the designation, all the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as determined by the Producing Party. After the Receiving Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material.

(b) All deposition testimony shall presumptively be treated as HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY and subject to this Stipulation during the deposition and for a period of thirty (30) calendar days after a final transcript of the deposition is received by counsel for each of the parties. For testimony given in a deposition or in other pretrial or trial proceedings, the Designating Party shall identify on the record or up to 30 days after a final transcript of the testimony has been received by counsel for each of the parties (or a period otherwise agreed upon) all Protected Material, including specifying whether any portions of the transcript or the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY

CONFIDENTIAL – ATTORNEYS' EYES ONLY." Notwithstanding any of the foregoing, parties to this Action who are natural persons -- or in the case of parties that are corporate entities, one representative of each corporate entity -- may attend and observe depositions in this Action.

The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If, after the 30-day period (or otherwise agreed upon), no Party has designated some or all the deposition transcript as Protected Material under this Order, the entire deposition, or those portions of the deposition not designated as Protected Material, will no longer be considered confidential. If any party or non-party wishes to use information at a deposition that is designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – any persons who are attending the deposition and who do not fall within one of the categories listed in Section 7.3 of this Stipulation must, upon request, leave the deposition room while such information is being discussed.

(c) For information produced in some form other than documentary and for any other tangible items: that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored, or in some other reasonable manner, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's

right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1     <u>Timing of Challenges</u>. Any Party may challenge a designation of confidentiality at any time consistent with any scheduling orders to be entered by the Court. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Order.  The Designating Party shall thereafter, within fourteen (14) calendar days (or as otherwise agreed upon), respond to such challenge in writing by either: (1) agreeing to remove the designation; or (2) stating the reasons to maintain such designation. Should the dispute remain unresolved, the Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within fourteen (14) calendar days of the date of service of the Designating Party's response.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen

designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner. Nothing in this paragraph precludes the Parties from agreeing to reasonable extensions at any step of the process described herein.

      6.3      Judicial Intervention. If the Parties cannot resolve a challenge without Court intervention through exhaustion of the procedures in paragraph 6.2, the Challenging Party may raise the issue with the assigned Magistrate in Judge in accordance with all applicable local rules at any time following completion of the procedure in paragraph 6.2 if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. No motion may be brought pursuant to this provision; rather, the parties are to follow the procedures contained in the Order Setting Trial. (*See* [ECF No. 45] 3).

      Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on another Party or Non-Party) may expose the Challenging Party to sanctions pursuant to applicable law. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7.      ACCESS TO AND USE OF PROTECTED MATERIAL**

      7.1      Basic Principles. A Receiving Party may use Disclosure or Discovery Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action, and shall not use Disclosure or Discovery Material for any other purpose whatsoever, including without limitation any other litigation or any business or competitive purpose or function. Protected Material may be

disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Disclosure or Discovery Material must be stored and maintained by a Receiving Party, including any Counsel, Professional Vendor, Expert or other party engaged by the Receiving Party in this Action, at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order. The Producing Party and Receiving Party shall agree on the level of protection expected in the storage and transfer of its information provided that such level of protection is not greater than that reasonably used by the Producing Party for such information in the ordinary course of the Producing Party's business. In the event the Receiving Party, including any Counsel, Professional Vendor, Expert or other party engaged by the Receiving Party in this Action, experiences a data breach that affected or potentially affected Protected Material, it shall (to the extent permitted by law) as soon as practicable notify the Producing Party of the same, and shall cooperate with the Producing Party to address and remedy the breach, subject to the Producing Party's reasonable instructions. Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

    (a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) The officers, directors, and employees (including In-House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this Action;

(c) Experts retained by the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A), unless otherwise agreed in writing by the Designating Party or ordered by the Court, and provided that no disclosure shall be made to any Expert who is retained by, employed by, , a known competitor of the Producing Party;

(d) Insurers of the Receiving Party to whom disclosure is reasonably necessary for coverage-related matters and who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

(e) The Court, Magistrate Judge and their personnel; and any appellate court or other court (and their personnel) before which the Parties appear in this Action;

(f) Court reporters, videographers, and their staff;

(g) Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the

Designating Party or ordered by the Court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(i) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(j) Special masters or discovery referees who may be appointed by the Court;

(k) Mediators or settlement officers, and their supporting personnel, subject to the mutual agreement of the Parties engaged in settlement discussions who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(l) Any other person as to whom the Designating Party has consented to disclosure in advance; and

(m) Such other persons as the Parties may agree or may be ordered by the Court.

7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, information or items designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" may only be disclosed to:

(a) The Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) In-House Counsel of the Receiving Party who is actively managing this Action for the Receiving Party;

(c) Experts of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) unless otherwise agreed in writing by the Designating Party or ordered by the Court, and provided that no disclosure shall be made to any Expert who is retained by, employed by a known competitor of the Producing Party;

(d) The Court, Magistrate Judge and their personnel; and any appellate court or other court (and their personnel) before which the Parties appear in this action;

(e) Court reporters, videographers, and their staff to whom disclosure is reasonably necessary for this Action;

(f) Professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(g) The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) Special masters or discovery referees who may be appointed by the Court; and

(i) Mediators or settlement officers, and their supporting personnel, subject to the mutual agreement of the Parties engaged in settlement discussions, and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

(j) During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. Pages of

transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(k)   Insurers of the Receiving Party to whom disclosure is reasonably necessary for coverage-related matters and who have signed the Acknowledgment and Agreement to Be Bound (Exhibit A);

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena, demand or a court order issued in another litigation, investigation or other regulatory proceeding that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)   Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)   Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)   Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected to alert the interested parties to the existence of this Order and to afford the Designating Party in this Action an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce, other than for *in camera* inspection by a court, any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material—and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court, or violate any other applicable federal or state law, rules or regulations.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." A party may designate as CONFIDENTIAL OR HIGHLY CONFIDENTIAL subject to this Stipulation any document, information, or deposition testimony produced or given by any Non-Party to this case, or any portion thereof.  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material,

(c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as **Exhibit A**.

## 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1 When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.2 Any inadvertent production of privileged or otherwise protected material that satisfies Federal Rule of Evidence 502(b) shall not be deemed to have waived the privilege or protection.

## 12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any Party to seek its modification by the Court in the future.

12.2 Right to Assert Objections. By stipulating to the entry of this Order, no Party is waiving any objections to the production of documents or information on any basis, including, without limitation, the right to object to production of information and/or documents that a Party contends are subject to any confidentiality interest of themselves, or third parties, such that disclosure should be precluded notwithstanding the protections of this Order (e.g., in the event of a contractual confidentiality provision between the Producing Party and a third party or a protective order between parties or nonparties in another case). Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3 <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Local Rule 5.4. The extent of Protected Material included within any such proposed filings under seal shall be limited to the particular items of information and/or portions of documents that are reasonably necessary to the filing. Pursuant to Local Rule 5.4, the proposed sealed material shall not be filed unless the Court grants the motion to file under seal. The motion to file under seal shall specify the proposed duration of the requested sealing. If, prior to the issuance of a ruling on the motion to file under seal, the moving party elects or is required to publicly file a pleading, motion, memorandum, or other document that attaches or reveals the content of the proposed sealed material, then the moving party must redact from the public filing all content that is the subject of the motion to file under seal.

12.4 <u>No Effect on Designating Party</u>. This Order shall not apply to and shall not limit in any way any Designating Party's use, disclosure or handling of its own Protected Material.

12.5 <u>Non-Public, Personally Identifiable Information</u>. A Producing Party may partially or wholly redact nonpublic, Personally Identifiable Information from any Disclosure or Discovery Material that may contain it.

**13. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in Section 4 (Duration), each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party

must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; attorney work product; and consultant and expert work product; even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (Duration). Nothing in this provision, however, should be construed as requiring the Receiving Party to destroy any material that it is obligated to maintain under applicable laws and regulations.

**IT IS SO STIPULATED, THROUGH UNDERSIGNED COUNSEL OF RECORD.**

Dated: November 18, 2021                           Respectfully submitted,

Philip A. Byler                                    Rachel Strom
Email: pbyler@nmllplaw.com                         Email: rachelstrom@dwt.com
Nesenoff & Miltenberg LLP                          Davis Wright Tremaine LLP
363 Seventh Avenue, 5th Floor                      1251 Avenue of the Americas, 21st Floor |
New York, NY 10001                                 New York, NY 10020
Tel: (212) 736-4500                                Tel: (212) 402-4069
*admitted pro hac vice*                            *admitted pro hac vice*

| | |
|---|---|
| **Sean A. Burstyn** <br> Florida Bar No. 1028778 <br> Email: sean.burstyn@burstynlaw.com <br> Burstyn Law PLLC <br> 1111 Brickell Avenue, Suite 1550 <br> Miami, FL 33131 <br> Tel: (917) 810-8450 <br><br> *Attorneys for Plaintiff Alan Dershowitz* | **Deanna K. Shullman** <br> Florida Bar No. 514462 <br> Email: dshullman@shullmanfugate.com <br> Minch Minchin <br> Florida Bar No. 1015950 <br> Email: mminchin@shullmanfuage.com <br> Shullman Fugate PLLC <br> 2101 Vista Parkway, Suite 4006 <br> West Palm Beach, FL  33411 <br> Tel: (561) 429-3619 <br><br> *Attorneys for Defendants* |

**DONE AND ORDERED** in Miami, Florida, this 18th day of November, 2021.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    counsel of record

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Southern District of Florida in the case of *Dershowitz v. Netflix, Inc., et al.*, Case No. 21-21961-ALTONAGA/Torres. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of Florida for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

OPTIONAL: I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my Florida agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____