UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  21-21961-CIV-ALTONAGA/TORRES

ALAN DERSHOWITZ,

    Plaintiff,

v.

NETFLIX, INC., LEROY & MORTON
PRODUCTIONS LLC, RADICALMEDIA LLC,
LISA BRYANT and JOSEPH BERLINGER,

    Defendants.
_____/

## STIPULATION

Plaintiff Alan Dershowitz, by and through undersigned counsel, respectfully submits this Stipulation as directed by the Honorable Magistrate Judge Torres during the hearing held on March 3, 2022, at 1:30 p.m. (the "Hearing"). Plaintiff no longer asserts claims for economic damages in this action. Plaintiff is not dismissing his claim for breach of contract and shall pursue that claim seeking nominal and other non-economic damages as stated on the record.

Black letter law permits Plaintiff to pursue his breach of contract claim without seeking the actual economic damages that he has now withdrawn. *See Maximum Income Partners, Inc. v. Schum*, 198 A.D.3d 1283, 155 N.Y.S.3d 510, 512 (4th Dep't 2021) ("[E]ven assuming, arguendo, that [Plaintiff] will not incur monetary damages as a result of that failure, we conclude that [Plaintiff] is entitled to pursue an award of nominal damages[.]"); *Schleifer v. Yellen*, 158 A.D.3d 512, 513, 71 N.Y.S.3d 420, 422 (1st Dep't 2018) (holding that "[n]ominal damages are always available in breach of contract action"); *Perry v. McMahan*, 84 N.Y.S.3d 508, 510 (2d Dep't 2018) (upholding award of nominal damages for breach of contract in the sum of one dollar where the

jury found no actual damages and noting that actual damages are not essential to a breach of contract action); *Remora Cap. S.A. v. Dukan*, 73 Misc. 3d 1233(A), 156 N.Y.S.3d 831 (N.Y. Sup. Ct. 2021) (rejecting contrary, earlier authorities and following the recent precedent of *Schleifer* to hold that "plaintiffs may still recover nominal damages even absent actual damages").

As the Court explained during the Hearing, "I am going to rely on that stipulation not to compel the tax returns." (Mar. 3, 2022 H'rg Tr. at 117:22-23.) "That stipulation," based upon which the Court declined to compel the tax returns, was Plaintiff's stipulation that he was withdrawing economic damages. Plaintiff never stipulated to withdrawing his claim for breach of contract. On the contrary, Plaintiff asked for this opportunity to present authority as to whether he can still proceed with his breach of contract claim, which he can under applicable law. Providing "invasive" tax returns is neither warranted to prove or disprove "one dollar" in damages, nor compelled by the Court during the Hearing. (*Id.* at 117:1-3 (explaining to Defendants that "you don't need the tax returns" for the purpose they proposed during the Hearing.).)

Respectfully submitted,

By: /s/ *Sean A. Burstyn*
Sean Alexander Burstyn
Florida Bar No. 1028778
Burstyn Law PLLC
*Counsel for Alan Dershowitz*
1111 Brickell Avenue
Suite 1550
Miami, FL 33131
917-810-8450
Sean.Burstyn@BurstynLaw.com

Benjamin H Brodsky, Esq.
Florida Bar No. 73748
Daniel L. Humphrey, Esq.
Florida Bar No. 1024695
BRODSKY FOTIU-WOJTOWICZ, PLLC
*Counsel for Alan Dershowitz*
200 SE 1 Street, Suite 400
Miami, Florida 33131
Tel:  305-503-5054
Fax:  786-749-7644
bbrodsky@bfwlegal.com
dan@bfwlegal.com
docketing@bfwlegal.com

Philip A. Byler
Nesenoff & Miltenberg LLP
*Counsel for Alan Dershowitz*
363 Seventh Avenue-5th Floor
New York, NY 10001
212-736-4500
pbyler@nmllplaw.com
ADMITTED PRO HAC VICE

## **CERTIFICATE OF SERVICE**

We hereby certify that a true and correct copy of the foregoing was served via Electronic Mail on this **7th day of March, 2022** to all counsel of record.

/s/  *Sean A. Burstyn*
Sean A. Burstyn, Esq.